# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENNETH E. SCOTT, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:12-cv-0077-TWP-MJD |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus

Petitioner Kenneth E. Scott ("Mr. Scott") is a state prisoner who was disciplined in a proceeding identified as No. ISR 11-06-0098 for violating prison rules by threatening.

A federal habeas court Awill overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) , *cert. denied,* 115 S. Ct. 314 (1994), The evidence favorable to the decision of the conduct board is the following: Mr. Scott wrote and delivered a request for interview. It was addressed and delivered on 6-12-2011 to Food Service Director Greg Sheward. The request for interview contained the statement: "All Aramark need to keep looking over their shoulders . . . ." The rule prohibiting threatening provides in part that threatening includes "[c]ommunicating to another person a plan to physically harm, harass, or intimidate that person or someone else."

Mr. Scott contends that the proceeding was constitutionally infirm and he seeks a writ of habeas corpus. His specific contention is that the finding of misconduct was not based on constitutionally sufficient evidence. He also contends that the conduct report was issued for retaliatory reasons.

The writ Mr. Scott seeks can be issued only if the court finds that he is Ain custody in violation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. ' 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be **denied.** The reason for this disposition is that the pleadings and the expanded record show that (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided, (2) there was at least Asome evidence@ to support the decision of the conduct board as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), and (3) the proceedings were not otherwise tainted by prejudicial error.

Mr. Scott's challenge to the sufficiency of the evidence fails. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as Asome evidence.@ *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even Ameager@ proof is sufficient). Here, the conduct report is clear and provides a direct account of Mr. Scott's conduct. A reasonable adjudicator could readily have concluded that the words in Mr. Scott's note to Food Service Director Greg Sheward were threatening. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea*

*v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), Aonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence here was constitutionally sufficient.

As to the claim of a retaliatory motive in issuing the conduct report, this claim was not included in Mr. Scott's administrative appeal and thus has been waived. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). A conduct board (or hearing officer) that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571. Those procedures were followed in this case and Mr. Scott offers nothing other than the outcome of the matter to support his claim of bias. The court declines the invitation to adopt this *post hoc* rationalization and bootstrapping. *See Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D.Tenn. 1995) ("Plaintiff has no right protecting him from being charged with a disciplinary offense . . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation."). The claim of retaliation, even if procedurally preserved for argument here, is without factual basis and is rejected as a ground supporting the award of federal habeas corpus relief.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* **418 U.S. at 558.** There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Scott to the relief he seeks. Accordingly, Mr. Scott's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

   IT IS SO ORDERED.

Date: __09/04/2012__

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kenneth Edward Scott
No. 910421
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN   46064-9001

Linda.Leonard@atg.in.gov